ryl Nicolson in contempt for violating the terms of the judgment dissolving the parties' marriage by refusing to allow him parenting time with his children in accordance with the terms in the parenting plan. Because a published opinion would have no precedential value, a memorandum has been provided to the parties.

The judgment is affirmed. Rule 84.16(b).

Court Division, terminating her parental rights. Mother alleges that there was insufficient evidence that the termination was in the best interest of the children. After a thorough review of the record, we find that the trial court did not abuse its discretion in terminating Mother's parental rights.

The judgment of the trial court is affirmed. Rule 84.16(b).

■

**In the Interest of M.A., S.E.A. and A.A.**

**Juvenile Officer, Respondent,**

v.

**I.A., Appellant.**

**Nos. WD 67820, WD 67821, WD 67822.**

Missouri Court of Appeals, Western District.

June 12, 2007.

William R. Jackson, III, Kansas City, MO, for respondent.

Ellen D. Jervis, Kansas City, MO, for appellant.

Laura Higgins Tyler, Kansas City, MO, Guardian ad litem.

Before HOWARD, C.J., and ULRICH and HARDWICK, JJ.

**Order**

PER CURIAM.

Mother appeals the judgment of the Circuit Court of Jackson County, Family

■

**Brandy N. BURRELL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 66769.**

Missouri Court of Appeals, Western District.

June 12, 2007.

Ellen H. Flottman, Assistant State Public Defender, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Linda Lemke, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before SMART, P.J., and ELLIS and EDWIN H. SMITH, JJ.

**Order**

PER CURIAM.

Brandy N. Burrell appeals from the motion court's order overruling, after an evidentiary hearing, her **Rule 29.15** motion for post-conviction relief, alleging ineffec-